**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHUNBIAO XU, | : |
| Petitioner, | : |
| v. | : |
| PAMELA BONDI, et al., | : |
| Respondents. | : |

Civil Action No. 25-16274 (BRM)

**OPINION**

Before the Court is Petitioner Chunbiao Xu's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Respondents filed an opposition (ECF No. 5), and Petitioner replied (ECF No. 7). Having reviewed and considered the parties' submissions in support of and opposition to the Petition, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and for good cause appearing, Petitioner's § 2241 Petition is **GRANTED**.

## I. BACKGROUND

Petitioner, a native and citizen of the People's Republic of China, entered the United States in or about January 2002. (ECF No. 1 at 4.) In June 2010, after he pled guilty to conspiracy to harbor illegal aliens for commercial and financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(1), the Northern District of Georgia sentenced Petitioner to nine months of imprisonment followed by three years of supervised release. (ECF No. 5 at 1.)

On March 10, 2011, Petitioner was served with a Notice to Appear, charging him with being removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present

in the United States without being admitted or paroled. (ECF No. 5-3.) According to Respondents, Petitioner informed the immigration court that he "wished to return to China," twice declined the opportunity to find legal counsel, declined to have his wife file a petition on his behalf, and declined to seek asylum. (ECF No. 5 at 2 (citing ECF No. 5-4).) On March 22, 2011, an immigration judge ("IJ") ordered Petitioner's removal. (ECF No. 1 at 5.) Petitioner did not appeal, and his removal order was administratively final on that date. (*Id.*)

On June 20, 2011, at the end of the 90-day removal period, Petitioner was released and placed under an Order of Supervision. (*Id.*) Among other things, the Order of Supervision instructed Petitioner to assist Immigration and Customs Enforcement ("ICE") in obtaining any necessary travel documents and provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document. (ECF No. 5-5.) Respondents acknowledge that for the next fourteen years Petitioner complied with his reporting requirements. (ECF No. 5 at 2.) Respondents submit that Petitioner did not procure travel documents from China. (*Id.*)

On March 28, 2025, Petitioner appeared for a routine order of supervision check-in and was detained by ICE. (ECF No. 1 at 5.) Petitioner submits he received a Notice of Revocation of Release, which stated that "a travel document has been procured to affect [] your removal from the United States. Your removal is now imminent . . . ." (*Id.* at 6.) Nothing in the record indicates that Respondents actually procured a travel document. Instead, Respondents failed to provide the Notice of Revocation and, in citing to Petitioner's reference to the Notice, Respondents changed the language quoted by Petitioner to say the Notice of Revocation of Release indicated that ICE "was making reasonable efforts to obtain a travel document to effectuate his removal from the United States." (ECF No. 5 at 2.) Petitioner was also served with a Warning of Failure to Depart,

Form I-229(a), with an attached "instruction sheet to detainee regarding requirement to assist in removal." (ECF No. 5-7.)

Petitioner sought a custody redetermination by ICE, which was denied. (ECF Nos. 5-8, 5-9.) Petitioner moved the immigration court to reopen his removal proceeding, and the IJ denied his request. (ECF No. 5-4.) Petitioner remains detained as of the date of this Opinion, nearly nine-months after he was detained.

Petitioner filed his Petition challenging his prolong detention on October 6, 2025. (ECF No. 1.) Respondents answered on November 21, 2025. (ECF No. 5.) Petitioner filed a reply. (ECF No. 7.) This matter is ripe for consideration.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

## III. DECISION

In his Petition, Petitioner challenges his ongoing post-final order of removal detention pursuant to 8 U.S.C. § 1231, arguing that his detention has become prolonged, and his removal is not likely in the reasonably foreseeable future. (*See generally* ECF No. 1.)

Section 1231(a)(1)(A) states that "when [a noncitizen] is ordered to be removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." If the noncitizen is not removed after the 90-day period expires, he "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision" outlined in the statute. 8 U.S.C. §§ 1231(a)(1), (6). Once the 90-day removal period of Section 1231(a) has passed, and after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute[,]" and the alien must be released. *Zadvydas*, 533 U.S. at 699. "Indefinite, perhaps permanent, detention" is not authorized. *Id.* To the contrary, the United States Supreme Court has found that interpreting the statute to allow for indefinite detention would raise "a serious constitutional threat[.]" *Id.*

Therefore, in *Zadvydas*, the Supreme Court interpreted § 1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court found that a post-removal order detention period of six-months was "presumptively reasonable[;]" however, beyond those six months, if removal no longer is reasonably foreseeable, continued detention becomes unauthorized. *Id.* at 701.

"After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Therefore, an alien is not necessarily entitled to release at the conclusion of six months of post-removal order detention. Instead, DHS may continue detention until no significant likelihood of removal in the reasonably foreseeable future exists. *Id.* But "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

4

Petitioner argues there is no significant likelihood of removal in the foreseeable future, as Respondents have not removed him in the past fourteen years. (ECF No. 1 at 9-10.) Petitioner argues that the Notice of Revocation of Supervision claims that ICE had already obtained a travel document, which has proven to be false. (*Id.* at 13.) In his reply brief, Petitioner also argues that China has a well-documented history of refusing or slow-walking issuance of travel documents for its national subject to removal from the United States. (*See generally* ECF No. 7.) Respondents argue that Petitioner has failed to meet his initial burden of showing there is no significant likelihood of removal in the reasonably foreseeable future. (ECF No. 5 at 5-6.) Respondents argue that Petitioner relies only on the passage of time, which is insufficient, and that Petitioner has failed to show that he sought a travel document from the Chinese Embassy or Consulate or explain why he could not obtain one. (*Id.*)

Respondents position is unconvincing. First, Petitioner does not rely only on the passage of time. Petitioner argues Respondents falsely claimed that travel documents had already been procured, and his removal was imminent. (ECF No. 1 at 6.) Nothing in the record indicates Respondents actually procured a travel document. Instead, Respondents cite to Petitioner's reference to Notice of Revocation and change the language quoted by Petitioner to say the Notice of Revocation of Release indicated that ICE "was making reasonable efforts to obtain a travel document to effectuate his removal from the United States." (ECF No. 5 at 2.) Respondents have failed to provide this document. Additionally, in reply, Petitioner cites to a long history of China refusing or slow-walking issuance of travel document. (ECF No. 7.)

Next, the Court is not convinced by Respondents' argument that, based on Petitioner's failure to obtain a travel document himself, he cannot show there is no likelihood of removal in the reasonably foreseeable future. Respondents argue that "this Court has made clear, '*Zadvydas*

does not save an alien who fails to provide [the] requested documentation to effectuate his removal.'" (ECF No. 5 at 6, *Resil v. Hendricks*, No. 11-2051 (JLL), 2011 WL 2489930, at *5 (D.N.J. June 21, 2011) (quoting *Pelich v. INS,* 329 F.3d 1057, 1060 (9th Cir. 2003)).) However, *Resil* had nothing to do with the petitioner failing to obtain travel documents, and the court there was merely citing to Ninth Circuit law that if a petitioner takes actions to delay their removal, they cannot then rely on *Zadvydas* for release. *Resil*, 2011 WL 2489920, at *5. In *Pelich*, the Ninth Circuit found the petitioner could not rely on *Zadvydas* because Pelich actively impeded the government's efforts in obtaining travel documents, refusing to complete a passport application, and providing conflicting information. *Pelich*, 329 F.3d at 1059–60. Here, the record is devoid of any facts or argument that Petitioner actively hindered Respondents' ability to obtain a travel document. There are no facts that Petitioner refused to provide any necessary information, lied, or in any way stopped Respondents from securing a travel document to China. As such, the Court finds no evidence that Petitioner has actively impeded the government in securing a travel document. Additionally, Respondents fail to submit any information regarding efforts that have been made on Respondents behalf to obtain the necessary travel documents. As Respondents have failed to argue that they are in anyway attempting to secure a travel document for Petitioner's removal, the Court finds that Petitioner has met his initial burden of showing that after nine months of detention his removal is not likely in the reasonably foreseeable future.

Based on the foregoing, Respondents have failed to meet their burden of rebutting Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future, as the Government had not provided the Court with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. In fact, Respondents fail to make any argument regarding whether there is a likelihood of Petitioner's removal in the reasonably foreseeable future. (*See* ECF

No. 5.) As such, Petitioner is entitled to release under an order of supervision, and the Petition shall be granted.

**IV. CONCLUSION**

For the reasons set forth above, Petitioner's Petition (ECF No. 1) is **GRANTED**, and Respondents shall **RELEASE** Petitioner from custody under the same conditions of release that existed immediately prior to his March 28, 2025 re-detention. The Court also finds it appropriate to **PROHIBIT** Respondents from re-detaining Petitioner unless there is a significant likelihood of his removal in the reasonably foreseeable future. An appropriate order follows.

**Date:**  January 6, 2026

/s/Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**United States District Judge**